**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BRIAN PHELPS, an individual, and
TAVARES CRENSHAW, an individual,

    Plaintiffs,

vs.                                                                                                   CASE NO.:

DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a OCEAN BREEZE RECOVERY, a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, BRIAN PHELPS and TAVARES CRENSHAW, by and through the undersigned counsel, hereby files this Complaint and sues Defendant DELPHI BEHAVIORAL HEALTH GROUP, LLC d/b/a OCEAN BREEZE RECOVERY (hereinafter "DELPHI") and in support thereof alleges the following:

1. This is an action for negligence and damages vastly in excess of $75,000.00, exclusive of interests, costs, and attorney's fees. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties.

2. Plaintiff Brian Phelps is an individual over the age of 18 who is *sui juris* and resides in Mansfield, Richland County, Ohio.

3. Plaintiff Tavares Crenshaw is an individual over the age of 18 who is *sui juris* and resides in Petersburg, Virginia.

4. Defendant Delphi Behavioral Health Group, LLC is a Florida limited liability company with its headquarters in Broward County, Florida.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because the events that gave rise to this Complaint first took effect in Broward County, Florida.

6. On March 19, 2019, Defendant Delphi was the owner and operator of a 2014 NISSAN NV with a vehicle identification number of 5BZBF0AA9EN161617.

7. At all times material hereto, Jahmeelah Lamb was an employee of the Defendant Delphi and was driving the Defendant's 2014 NISSAN NV with the Defendant Delphi's permission and consent and in the course and scope of her employment.

8. At all times material hereto, Plaintiffs Phelps and Crenshaw were passengers in Defendant's 2014 NISSAN NV.

9. At all times material hereto, it was the duty of the Defendant's employee Jahmeelah Lamb to exercise due care and caution in the operation of the Defendant Delphi's motor vehicle having regard for traffic and use of the roadway.

10. In the afternoon of March 19, 2019, Defendant Delphi's employee Jahmeelah Lamb negligently drove the Defendant's 2014 NISSAN NV into a Broward County Transit Bus lane of travel, causing the vehicle in which the Plaintiffs were traveling as passengers to violently collide with the Broward County Transit Bus.

11. Jahmeelah Lamb then fled the scene of the accident.

12. That said accident was caused solely through the Defendant Delphi employee Jahmeelah Lamb's negligence and was due in no manner whatsoever to any actions taken by the Plaintiff.

13. The negligence of the Defendant Delphi's employee Jahmeelah Lamb consisted of the following:

    (a) failing to have said motor vehicle under proper and adequate control at the time;

    (b) failing to give proper and sufficient warning of the approach of said vehicle;

    (c) operating said vehicle without due regard for the rights, safety and position of the Plaintiffs at the point aforesaid;

    (d) violating the various ordinances of the City of Fort Lauderdale and the statutes of the State of Florida pertaining to the operation of motor vehicles;

    (e) with the Broward County Transit Bus in plain view, failing to exercise care and vigilance so as to avoid the collision;

14. At all times material hereto, it was the duty of the Defendant Delphi to maintain the Defendant Delphi's motor vehicle in safe and proper working condition including, but not limited to, providing functional and working seatbelts and restraint systems.

15. At all times material hereto, it was the duty of the Defendant Delphi to not overload the vehicle beyond its safe maximum capacity based upon the number of available seats and seat configuration in said vehicle.

16. The direct negligence of the Defendant Delphi consisted of the following:

(a) failing to maintain said vehicle in safe and proper working condition, including, but not limited to, failing to provide functional and working seatbelts and restraint systems.

(b) loading the vehicle beyond its safe maximum capacity based upon the number of available seats and seat configuration in said vehicle.

17. At all times material hereto, Jahmeelah Lamb was Defendant Delphi's actual and/or apparent agent, servant or employee and was acting within the course and scope of that agency, master servant or employment relationship. Therefore, Defendant Delphi is vicariously liable for employee Jahmeelah Lamb's negligence.

18. That as a direct and proximate result of Defendant Delphi's employee Jahmeelah Lamb's negligence and the direct negligence of Defendant Delphi, Plaintiffs PHELPS and CRENSHAW have been caused to suffer permanent disabling injuries and/or disease consisting in whole or part of a loss specified in Florida Statute 627.737; have suffered severe bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical, psychiatric and nursing care and treatment, loss of earnings, loss of the ability to earn money and/or an aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs PHELPS and CRENSHAW will continue to suffer the losses in the future.  Alternatively, where there is a finding of no permanent injury, the Plaintiffs are entitled to applicable medical expenses and loss gross income and earning capacity not payable under any personal injury protection coverage and not specifically referenced in and pursuant to Florida Statutes, Chapter 627.

19. In that the injuries suffered by Plaintiffs are continuing in nature, they will continue to suffer pain, disfigurement, scarring, physical and emotional injuries, physical handicap and permanent injury in the future.  Plaintiffs will be further compelled to expend great sums of money for medical care and related treatment for those injuries and will continue to suffer the loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiffs PHELPS and CRENSHAW demand a judgment for damages and cost against Defendant DELPHI BEHAVIORAL HEALTH GROUP, LLC for an amount, which greatly exceeds the minimum jurisdictional requirement of this Honorable Court and demands a trial by jury of all issues triable as a right by jury.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all issues so triable.

DATED this 21st day of June, 2019.

Respectfully submitted,

**Kaiser Romanello, P.A.**

By: /s/__*Lorne Adam Kaiser*_____
Lorne Adam Kaiser
*Kaiser Romanello, P.A.*
11555 Heron Bay Boulevard, Suite 200
Parkland, Florida 33076
Telephone: 954.603.0100
Facsimile: 954.827.0472
Email: lkaiser@kaiserromanello.com
Florida Bar No.: 0568491